929 F.2d 692
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David JACKSON; Peggy Jackson, Plaintiffs-Appellees,
v.
TEXTRON, INC., a Delaware Corporation, Defendant-Appellant.
 No. 89-2098.
 United States Court of Appeals, Fourth Circuit.
 Argued June 4, 1990.
Decided March 28, 1991.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert R. Merhige, Jr., Senior District Judge. (CA-86-207-E)
 Herbert George Underwood, Steptoe & Johnson, Clarksburg, West Virginia, argued, for Appellant.
 Matthew J. Mullaney, Steptoe & Johnson, Clarksburg, West Va., on brief.
 Harold Frederick Salsbery, Jr., Hunt & Wilson, Charleston, W.Va., for appellees; V. Alan Riley, Keyser, W.Va., on brief.
 N.D.W.Va.
 AFFIRMED.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and WIDENER and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this products liability case, the jury returned a verdict for the plaintiffs in the amount of $375,000.00. The amount was reduced by 25% due to Jackson's fault.[1] The defendant appealed, claiming its motion for directed verdict should have been granted, and that the jury was not correctly instructed. Having reviewed the briefs and upon the record and oral argument in the case, we find that there was evidence upon which a jury could have found a verdict and that the case is without reversible error. Accordingly, we affirm.
 
 
 2
 David Jackson suffered an injury to his left arm while using a Homelite XL-925 chain saw. At the time of the injury, Jackson was an employee of one Chapman who was a lumberman. Jackson had used Homelite chain saws throughout his employment with Chapman, and had been using the particular saw that injured him for one or two weeks prior to the injury. The saw that injured Jackson was owned by Chapman. At the time of the injury, Jackson was working on a hillside. After a tree was felled, Jackson removed the limbs from the trunk by moving downhill and cutting off limbs as he moved. His method of removing limbs was to bring the saw up under each limb and cut upward through the limb. When Jackson was injured he had the saw pointing downward. As he brought the blade underneath a branch, the saw suddenly pushed back in his hands. This caused him to slip, and when he did, his left hand went forward and hit the turning blade of the chain saw. He fell on his back and the chain saw came down on his left arm.
 
 
 3
 The Homelite XL-925 is assembled with safety equipment including a chain blade tip and a hand guard. The Homelite chain tip guard prevents kickback[2] by shielding the blade tip area from contact with limbs or other objects that could cause the chain saw to kickback and rotate in an arc toward the operator. The chain saw is also equipped with a safety hand guard located between the chain blade and the handle grip on the chassis of the saw. This hand guard shields the operator's front hand from the moving chain and flying debris. At the time of the injury, the saw that injured Jackson did not have a chain blade tip guard or a hand guard. The owner either removed the safety tip or replaced the original blade with a blade that did not have a tip on it. With these facts in mind, we turn to the issues on appeal.
 
 
 4
 Textron claims that the court should have directed a verdict at the close of the evidence and that the court erred in its charge to the jury. With regard to whether a directed verdict was correctly denied, we view the evidence in the light most favorable to the non-moving party. McClure v. Price, 300 F.2d 538, 543 (4th Cir.1962). A directed verdict is only appropriate when there is not sufficient evidence upon which a jury could properly render a verdict for the non-moving party. 9 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2524 at 543 (1971). In the present case, a directed verdict was not appropriate because there was evidence supporting Jackson's theory of the case. That theory was that the removal of the safety devices did not contribute to the injury because even if the safety devices were in place, they would not have prevented a pushback-type[3] accident, the type in which Jackson claimed to have been injured. According to Jackson, the chain saw was defective because it did not have a chain brake installed on it.[4] The defendant, on the other hand, contended that the removal of the safety equipment was the proximate cause of the accident. As a result, according to Textron, the saw was not defective when it left the manufacturer because the safety devices were in place.
 
 
 5
 The defendant argues incidentally that the court's instruction to the jury that the removal of the safety devices had to be the sole proximate cause of Jackson's injury before it could find for the defendant was erroneous because it neglected to take into account the fact that it could find for the defendant on Jackson's negligence if it met or exceeded 50% of the total negligence involved. While it is true that the wording of the instruction may have been erroneous in the setting presented here, it is just as true that giving the instruction was harmless error. The case was submitted to the jury on a form of verdict for comparative negligence, which found 75% of the negligence attributable to the defendant and 25% to Jackson. Thus, whether the extent of the defendant's negligence was a complete defense was a matter of law to be decided by the court, not a matter of fact to be submitted to the jury. And the fact that the jury returned its verdict of 75% negligence of the defendant and 25% negligence of Jackson, shows that it had not intended to render a general verdict for the defendant in any event.
 
 
 6
 A, or the, principal thrust of the defendant's argument concerns the admitted alteration of the chain saw in question by the removal of the chain blade tip and hand guard. Whether they were removed by Jackson or his employer is a matter of indifference because they were in place when the saw left Textron, and the jury was instructed so that any fault on account of the removal was chargeable to Jackson.
 
 
 7
 Textron points out that in Morningstar v. Black and Decker Manufacturing Co., 253 S.E.2d 666 (W.Va.1979), in which case West Virginia adopted a theory of strict liability akin to, but not the same as, that described in Comment g, Sec. 402A of the Restatement (Second) of Torts, the Court also provided, in n. 22 at 253 S.E.2d page 683, that the new rule applied to manufacturers and sellers of a product which "is expected to and does reach the user without substantial change in the condition in which it was sold." Textron argues it is thus absolved from liability because the chain saw in question was not in the condition in which it was sold when used by Jackson. It would apply the defense of changing the condition of the chattel in question to negligence as well as to strict liability. We do not decide whether or not that argument would have been good in West Virginia at the time of Morningstar, decided April 3, 1979, although at that time contributory negligence was a complete defense to liability on account of a cause of action alleging negligence. On July 10, 1979, in any event, in the case of Bradley v. Appalachian Power Co., 256 S.E.2d 879 (W.Va.1979), the court changed the law of West Virginia so that contributory negligence was no longer an absolute defense to a cause of action for negligence. It adopted a rule of comparative negligence "to provide that a party is not barred from recovering damages in a tort action so long as the negligence or fault does not equal or exceed the combined negligence or fault of the other parties involved in the accident." 256 S.E.2d at 885. Prior inconsistent authority was overruled. 256 S.E.2d at 885.
 
 
 8
 Bradley, however, also provided that "[t]he requirements of proximate cause have not been altered by the new rule." 256 S.E.2d at 885. On this account alone, if for no other reason, n. 22 of Morningstar does not provide a complete defense in this case.
 
 
 9
 The jury was correctly instructed that "[t]he term 'proximate cause' means the efficient and competent producing cause of an event that is the reason that such event or result occurs." The jury was further correctly instructed "[s]o what it really gets down to is whether you find a reasonably prudent manufacturer would have installed a chain brake, that is your first issue. If you don't find that, that is the end of the case." The jury was thus very clearly instructed that the absent chain brake was the only issue in the case on which the plaintiff could prevail, and, indeed, the court may be said to have effectively taken from the jury the issue of the removal of the tip and hand guard, and decided that issue in favor of the defendant. The only issue left was whether the absence of a chain brake was negligence and whether any such negligence contributed to the injury. The finding of the jury that the absence of the chain brake was negligence and that such negligence was a proximate cause of plaintiff's injury, was supported by the evidence. Even if true, which we doubt, that n. 22 in Morningstar would provide a complete defense at the time that case was decided, the same conclusion simply does not carry through after the decision of the West Virginia Court in Bradley, as we have just explained.
 
 
 10
 The judgment of the district court is accordingly
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 The award was divided between Jackson and his former wife in the ratio of 93% and 7%
 
 
 [2]
 Kickback of a chain saw occurs when the upper outer part of the saw blade comes into contact with a branch or other object causing the saw to jump up and back toward the operator
 
 
 [3]
 Pushback occurs when one cuts with the top of the blade and the chain is stopped, often as a result of pinching, so that the only way the chain continues its regular motion is for the saw to move backward
 
 
 [4]
 A chain brake is a spring-loaded device intended to stop the movement of the saw blade. A chain brake is connected to the hand guard which is hit during a kickback or a pushback. A chain brake is triggered when the operator's hand hits the brake activator by coming forward off the handle grip or when the saw moves backward toward the operator, hitting his hand